IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL CONTINENTAL INSURANCE COMPANY,<br><br>                     Plaintiff,<br><br>        v.<br><br>YOUNG'S CARGO, INC., *et al*.,<br><br>                    Defendants. | Case No. 1:17-cv-01016-LJO-EPG<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANTS' MOTIONS TO SET ASIDE DEFAULT BE GRANTED AND THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE DENIED AS MOOT<br><br>(ECF Nos. 12, 15, 16)<br><br>OBJECTIONS, IF ANY, DUE IN 14 DAYS |

## I. INTROUDCTION

Pending before the Court are Defendants Kulwant Singh's and Young's Cargo, Inc.'s ("Defendants") motions to set aside entry of default (ECF Nos. 15-16) and Plaintiff National Continental Insurance Company's ("Plaintiff") motion for default judgment (ECF No. 12). Plaintiff filed an opposition to the motions to set aside default on March 23, 2018. (ECF No. 18.) The motions were referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Having reviewed the parties' filings, and for the reasons stated below, this Court recommends that Defendants' requests to set aside entry of default be GRANTED and Plaintiff's motion for default judgment be DENIED as MOOT.

\\\

\\\

1

## II.    BACKGROUND

Plaintiff filed the three-count complaint initiating this action on July 31, 2017, requesting declaratory relief related to a November 30, 2015 automobile accident in Sefuniak Springs, Walton County, Florida. (ECF No. 1 at 2 ¶ 7.)  On December 16, 2016, Midsouth Paving, Inc. filed a lawsuit in the Circuit Court of the First Judicial District of Walton County, Florida against Defendants Young's Cargo and Vermilya arising out of the November 30, 2015 traffic collision ("Midsouth lawsuit"). Plaintiff issued an insurance policy number to Kulwant Singh d/b/a Youngs Freightway with a limit of liability of $750,000.  Plaintiff is informed and believes that Young's Cargo and Vermilya contend that they are insureds under the policy and tendered their defense of the Midsouth lawsuit to National Continental.  The Midsouth lawsuit and the claimants collectively demand from Young's Cargo and Vermilya an amount in excess of $75,000.  Plaintiff requests declaratory relief that: 1) Plaintiff has no duty to defend; 2) Plaintiff has no duty to indemnify; and 3) the policy is void.

Defendants were personally served with the Summons and Complaint on August 16, 2017. (ECF Nos. 5-6.)  Defendants did not answer the complaint, and the Clerk of the Court entered default against Defendants on November 1, 2017. (ECF No. 10.)

On January 8, 2018, Plaintiff filed a motion for default judgment requesting that the Court enter a default judgment against Defendants for the requested declaratory relief. (ECF No. 12.) On February 16, 2018, Defendants filed motions to set aside entry of default. (ECF Nos. 15-16.)  Plaintiff filed an opposition to Defendants' motions on March 23, 2018, arguing that Young's Cargo is a suspended corporation precluded from defending itself and that Defendants did not satisfy the "good cause" standard necessary to set aside the default. (ECF No. 18.)

## III.    LEGAL STANDARD

The Federal Rules of Civil Procedure govern the entry of default.  Once default has been entered by the clerk, "[t]he court may set aside an entry of default for good cause."  FED. R. CIV. P. 55(c).  In evaluating whether good cause exists, the court may consider "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party."

*United States v. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (citing *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004)); *see also TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). The standard for good cause "is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id.*

On the other hand, when the moving party seeks timely relief from default "and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945-46 (9th Cir. 1986). Moreover, the Ninth Circuit has opined "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

## IV.    DISCUSSION

The Court will consider each of the good cause factors in turn below.

### A.    Culpable Conduct

With respect to the first good cause factor, the Ninth Circuit has held that "a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *TCI Group Life Ins. Plan*, 244 F.3d at 697. The concept of "intentionally" in this context refers to conduct that is willful, deliberate, or in bad faith. *Id.* "Neglectful failure to answer as to which the defendant offers a credible good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process is not 'intentional'... and is therefore not necessarily— although it certainly may be, once the equitable factors are considered—culpable or inexcusable." *Id.* at 697-98.

Defendants provide sworn declarations explaining that their failure to respond to the complaint in this case is a result of a mistake of fact that they had already retained counsel for all proceedings arising from the Florida accident and were not aware that this lawsuit was separate or distinct from the other proceedings in which they were involved. (ECF No. 16-1 at 4.) Defendants further state that

3

they do not recall being served in this case and did not understand that there were any other cases arising from the Florida accident other than the case in Florida state court.

In its opposition to vacating entry of default, Plaintiff argues that Defendants' failure to respond was a result of their culpable conduct because they have not adequately rebutted the presumption that they received the summons, complaint, and the application for default judgment.

The Court finds that Defendants have put forth a credible, good faith explanation for their failure to answer. Defendants have now appeared and adequately displayed their willingness to cooperate fully going forward. Consequently, the Court finds that Defendants' conduct does not meet the culpability standard for a default judgment.

### B.    Meritorious Defense

The Ninth Circuit has explained that the "meritorious defense" requirement "is not extraordinarily heavy.'" *Mesle*, 615 F.3d at 1094. "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense." *Id.* The truthfulness of the factual allegation "is not to be determined by the court when it decides the motion to set aside the default. Rather, that question 'would be the subject of the later litigation.'" *Mesle*, 615 F.3d at 1094 (quoting *TCI Group*, 244 F.3d at 700).

Defendant Singh explains that she had an insurable interest in the truck-tractor by nature of her lease of the truck-tractor from Young's Cargo, Inc. Potentially, Defendant Singh may be found to have an equitable interest in Young's Cargo, Inc. and its property under an alter-ego theory of liability. Defendant Singh states that this equitable interest would constitute an insurable interest, which could be sufficient to defeat Plaintiff's request for declaratory relief.

Plaintiff responds that this argument only addresses the third cause of action, and at the very least, default judgment should be entered as to the first and second causes of action. However, Defendants disagree, stating that their argument will "act as a complete defense to Plaintiff's case." (ECF No. 20 at 2.)

It appears to the Court that Defendants have presented a legally cognizable defense. Therefore,

4

Defendants have satisfied their burden to show that a meritorious defense could be mounted under the lenient standard set forth in *Mesle*.

### C. Prejudice to Plaintiff

Finally, the Court must consider whether Plaintiff will suffer prejudice if the entry of default is set aside. *TCI Group*, 244 F.3d at 696. Plaintiff argues that prejudice exists because it incurred attorney fees and costs to seek a default judgment and to continue defending Singh against underlying claims. Plaintiff states that it will be prejudiced by the delay and the setting the default aside.

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, 'the standard is whether [plaintiff's] ability to pursue his claim will be hindered.'" *Id.* at 701 (quoting *Falk*, 739 F.2d at 463). "[M]erely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment." *Id*.

Applying this legal standard, Plaintiff has not adequately demonstrated prejudice as to allowing the suit to proceed.

### V. YOUNG CARGO'S CORPORATE STATUS

In response to Defendants' motion to set aside default, Plaintiff argues that Young's Cargo is a suspended corporation and therefore may not participate in this litigation. (ECF No. 18 at 4-5, citing California Corporations Code § 2205; *Palm Valley Homeowners Ass'n*, 85 Cal. App. 4th 553, 560 (2000); *In re Roussos*, 2017 U.S. Dist. LEXIS 60538, *19 (CD Cal. 2017)). Young's Cargo filed a reply on March 30, 2018 acknowledging that it is a suspended corporation, but indicating that it was "now seeking to be revived with the California Secretary of State which should be corrected in a manner of weeks." (ECF No. 20 at 1-2.) On April 23, 2018, Young's Cargo filed a "notice of revivor" stating that its "corporate status has been revived and Young's Cargo, Inc. is now an active California Corporation." (ECF No. 21.)

Because Young's Cargo's corporate status has now been revived, the Court does not consider this issue to be a barrier to vacating entry of default in this case.

The Court finds that the above factors weigh in favor of setting aside entry of default. There is a general presumption to try cases on their merits, and the instant case does not warrant a departure

from this presumption. *See In re Hammer*, 940 F.2d 524, 525 (9th Cir. 1991). Thus, the Court finds good cause to vacate entry of default. Accordingly, the Court will RECOMMEND that Defendants' motions to set aside entry of default (ECF Nos. 15-16) be GRANTED.

## VI.    GOOD CAUSE TO VACATE ENTRY OF DEFAULT - SANCTIONS

Plaintiff requests payment of $5,260 for sanctions in the form of attorney fees and costs in preparing and filing the application for entry of default and the application for default judgment. (ECF No. 18 at 8.) Defendants argue that sanctions are not appropriate because "Plaintiff should have been aware that Defendants were represented by counsel, by nature of the fact that Defendant Kulwant Singh made a request through the undersigned counsel for Plaintiff to defend Kulwant Singh in an underlying personal injury lawsuit." (ECF No. 20 at 3.) However, Plaintiff never warned or notified defense counsel about the pendency of this case.

In these circumstances, the Court does not find the imposition of sanctions justifiable.

## VII.    PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

In a separate motion, Plaintiff moves for the entry of default judgment against Defendants. (ECF No. 12.) The "entry of default by the clerk is a prerequisite to an entry of default judgment." *Vongrabe v. Sprint PCS*, 312 F. Supp. 2d 1313, 1318 (S.D. Cal. 2004). Based on the Court's recommendation to set aside the entry of default as to Defendants, the Court RECOMMENDS Plaintiff's motion for default judgment be DENIED as MOOT. (ECF No. 12.)

## VIII.    CONCLUSION

Based on the forgoing, the Court hereby RECOMMENDS as follows:

1.       Defendants' motion to set aside entry of default (ECF Nos. 15-16) be GRANTED;

3.       Plaintiff's motion for default judgment be DENIED as MOOT;

These Findings and Recommendations are submitted to the District Judge pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen (15) days after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate

6

Judge's Findings and Recommendations."  The district judge will review the Magistrate Judge's findings and recommendations pursuant to 28 U.S.C. § 636 (b)(1)(c).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **April 30, 2018**                    /s/ *Erica P. Grosjean*

UNITED STATES MAGISTRATE JUDGE